UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPAGHETTI WAREHOUSE RESTAURANTS, INC. | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:25-cv-02727-E |
| SPAGHETTI WAREHOUSE RESTAURANT OF CNY, LLC, | § § § | JURY DEMANDED |
| Defendant. | § § | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

TO THE HONORABLE COURT:

Plaintiff, Spaghetti Warehouse Restaurants, Inc. ("Spaghetti Warehouse" or "Plaintiff"), seeks a default judgment against Defendant, Spaghetti Warehouse Restaurant of CNY, LLC ("Defendant"), under Rule 55(b) of the Federal Rules of Civil Procedure because Defendant has failed to plead or otherwise defend in this action, despite being properly served Plaintiff's Complaint for Preliminary and Permanent Injunctive Relief, Damages, and Other Relief (Doc. 1, filed on October 7, 2025, and served on October 27, 2025, in accordance with Fed. R. Civ. P. 4 (Doc. 8, filed on November 12, 2025). On December 5, 2025, the Clerk of the Court entered a default against Defendant.

### INTRODUCTION

1.      Plaintiff filed this action asserting claims for trademark infringement under the Lanham Act and Texas law, unfair competition, dilution, and breach of contract based on Defendant's post-termination use of Plaintiff's licensed intellectual property and failure to perform obligations under a written License Agreement. Defendant was provided with written

notice of default and later written notice of termination of the License Agreement and cease and desist but failed to cure. Defendant received notice of this Courts Default notice.  Defendant continues to use Plaintiff's marks and other licensed property without authorization.

2.      Plaintiff respectfully requests entry of default judgment granting injunctive and monetary relief consistent with the Complaint and the accompanying Motion for Default Judgment and Brief in Support, the Appendix, Exhibits and evidence in support thereof.

## LEGAL STANDARD FOR DEFAULT JUDGMENT

3.      Rule 55(b) of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. Upon entry of default, the well-pleaded factual allegations of the complaint, except those relating to the amount of damages, are taken as true.

4.      Upon default, the well-pleaded allegations of the complaint except those relating to damages are deemed admitted. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

5.      The decision to enter a default judgment lies within the district court's discretion, guided by whether (1) the default was willful; (2) the plaintiff would suffer prejudice absent judgment; and (3) the defendant has no meritorious defense. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

6.      Plaintiff moves this court for entry of a default judgment against Defendant under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff requests that the judgment be entered as further set forth in the attached proposed default judgment.

7.      Defendant has not appeared in this action and is not entitled to notice of this application for entry of a default judgment.

8.      Defendant's failure to respond warrants entry of default judgment for Plaintiff.

9.      Plaintiff's claims are supported by the well-pleaded allegations in the Complaint, which are deemed admitted upon default.

10.     Plaintiff is prejudiced by Defendant's refusal to participate in the litigation, as Plaintiff is unable to obtain relief absent a judgment.

11.     There is no indication that Defendant possesses any meritorious defenses.

12.     Accordingly, a default judgment is warranted. *See United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (default judgment appropriate where defendant fails to defend and plaintiff's claims are supported).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant this Motion for Default Judgment and enter judgment against Defendant for the relief requested herein, including economic and compensatory damages subject to adjustment based on Defendant's sworn accounting, pre-judgment and post-judgment interest, costs of court, a hearing to determine the amount of exemplary damages, and such other and further relief as the Court may deem just and proper.

DATED: March 13, 2026.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:_____

Casey S. Erick
TX State Bar No. 24028564
Kyndall E. Richardson
TX State Bar No. 24149343
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7107
Fax: (214) 722-7111
Casey.Erick@lewisbrisbois.com
Kyndall.Richardson@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 13th day of March 2026, the foregoing document was served electronically with a copy of the pleading through use of the Court's CM/ECF system and/or mailing it to the last known address of counsel and or parties, if any.

_____
CASEY S. ERICK