UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SPAGHETTI WAREHOUSE §
RESTAURANTS, INC. §
§
    Plaintiff, §
§
v. §    CIVIL ACTION NO. 3:25-cv-02727-E
§
SPAGHETTI WAREHOUSE §    JURY DEMANDED
RESTAURANT OF CNY, LLC, §
§
    Defendant. §

## FINAL DEFAULT JUDGMENT

The Court, having considered Plaintiff's Motion for Default Judgment and the evidence

presented, enters the following Final Default Judgment:

## Findings of Fact and Conclusions of Law

**THE COURT FINDS** that:

1. Defendant Spaghetti Warehouse Restaurant of CNY, LLC, entered into a License Agreement with Plaintiff for the operation of Spaghetti Warehouse restaurants under Plaintiff's trademarks and service marks (the "Marks").

2. Anthony Schlur and Patrick Dussol (the "Individual Defendants") are the owners and operators of the Defendant entity.

## Findings Regarding Fraud

3. The Individual Defendants committed fraud by making material misrepresentations and omissions to Plaintiff, including:

   a. Failing to provide accurate and complete financial statements for calendar years 2023, 2024, and 2025 as required by the License Agreement

   b. Misrepresenting Defendant's ability and intention to pay license fees and renewal fees when due

   c. Concealing the Defendant's true financial condition and revenue figures to avoid paying the required percentage-based license fees

FINAL DEFAULT JUDGMENT – PAGE 1

d.  Making false assurances of compliance with the License Agreement while simultaneously breaching its material terms

4. Plaintiff justifiably relied on the Individual Defendants' representations regarding financial performance and compliance with the License Agreement

5. The Individual Defendants made these misrepresentations and omissions knowingly, or with reckless disregard for the truth, and with the intent to deceive Plaintiff and induce Plaintiff to forbear exercising its contractual remedies

6. As a direct and proximate result of the Individual Defendants' fraudulent conduct, Plaintiff suffered damages including unpaid license fees, unpaid renewal fees, loss of goodwill, trademark infringement damages, and costs of enforcement

7. The Individual Defendants continued to use the Marks after termination of the License Agreement on June 23, 2025, with full knowledge that such use was unauthorized, further demonstrating their fraudulent intent

## Findings Regarding Veil-Piercing and Joint and Several Liability

1. Anthony Schlur and Patrick Dussol exercised complete dominion and control over Defendant entity

2. The Individual Defendants used the corporate form of Defendant to perpetrate actual fraud upon Plaintiff by:

   a.  Operating Defendant as their alter ego without observing corporate formalities

   b.  Commingling corporate and personal interests

   c.  Using the corporate entity as a sham to avoid personal liability for their fraudulent conduct

   d.  Undercapitalizing the Defendant while extracting revenues that should have been paid to Plaintiff as license fees

3. The corporate form was used by the Individual Defendants to perpetrate fraud and defeat public convenience, specifically to avoid paying contractually obligated fees to Plaintiff while continuing to benefit from use of Plaintiff's valuable intellectual property

4. Allowing the Individual Defendants to shield themselves behind the corporate veil would promote injustice and defeat the equities of this case

5. The factors supporting piercing the corporate veil are present, and traditional corporate law principles require holding Anthony Schlur and Patrick Dussol personally liable for the debts and obligations of Defendant entity

FINAL DEFAULT JUDGMENT – PAGE 2

6. Anthony Schlur and Patrick Dussol are jointly and severally liable with Defendant for all damages, fees, obligations, and relief set forth in this Judgment

7. The Individual Defendants' conduct was willful, intentional, malicious, and in bad faith, justifying the imposition of enhanced damages and exemplary relief

## Injunctive Relief

**IT IS ORDERED** that Defendant, Anthony Schlur, Patrick Dussol, their agents, servants, employees, and all persons in active concert or participation with them, are hereby permanently enjoined from:

1. Using the Marks or any trademark, service mark, logo, or trade name that is confusingly similar to the Marks

2. Infringing on the Marks or using any similar designation, alone or in combination with other components

3. Passing off any products or services such as those of Spaghetti Warehouse or its authorized licensees

4. Causing likelihood of confusion or misunderstanding as to the source or sponsorship of their businesses, products, or services

5. Causing likelihood of confusion or misunderstanding as to their affiliation, connection, or association with Spaghetti Warehouse, its franchisees, or any of Spaghetti Warehouse's products or services

6. Unfairly competing with Spaghetti Warehouse or its affiliates in any manner

## Surrender and Elimination of Infringing Materials

**IT IS FURTHER ORDERED** pursuant to 15 U.S.C. § 1118 that:

1. Within thirty (30) days of this Order, Defendant, Anthony Schlur, and Patrick Dussol shall deliver to Plaintiff, at their cost, all labels, signs, prints, packages, wrappers, receptacles, uniforms, logo items, advertisements, plates, molds, and other means of reproduction in their possession or control, or in the possession or control of their affiliates, subsidiaries, officers, agents, servants, employees, and those in active concert with them, that bear the Marks

2. Within thirty (30) days of this Order, Defendant, Anthony Schlur, and Patrick Dussol shall eliminate all advertising under the Marks or any confusingly similar designations from all media, including but not limited to websites, social media accounts, emails, newspapers,

FINAL DEFAULT JUDGMENT – PAGE 3

flyers, coupons, promotions, signs, menus, telephone books, directory assistance listings, and mass mailings, all at their cost

## Post-Termination Contractual Obligations

**IT IS FURTHER ORDERED** that Defendant, Anthony Schlur, and Patrick Dussol shall immediately:

1. Take all necessary steps to cancel and/or transfer to Plaintiff any telephone numbers, domain names, social media accounts, email addresses, and other contact information associated with Spaghetti Warehouse or the Marks used in connection with the operation of Defendant's former Spaghetti Warehouse restaurants

2. Return to Plaintiff all operating manuals, recipes, training materials, proprietary business information, and other materials provided to Defendant in connection with the operation of its former Spaghetti Warehouse restaurants, and all materials bearing any of the Marks

## Financial Accounting and Damages

**IT IS FURTHER ORDERED** that:

1. Defendant, Anthony Schlur, and Patrick Dussol shall provide to Plaintiff, within thirty (30) days of this Order, complete and accurate financial statements for calendar years 2023, 2024, and 2025 (through June 23, 2025), including all revenue records, profit and loss statements, tax returns, bank statements, and sales records, all attested to under oath as to their completeness and accuracy

2. Defendant, Anthony Schlur, and Patrick Dussol, jointly and severally, shall account for and pay over to Plaintiff all gains, profits, and advantages derived by them as a result of their infringement of the Marks, breach of contract, fraud, and unfair competition, to the full extent provided by Section 35 of the Lanham Act, 15 U.S.C. § 1117, and controlling principles of common law

**IT IS FURTHER ORDERED** that Plaintiff is awarded judgment against Defendant, Anthony Schlur, and Patrick Dussol, jointly and severally, in the following amounts:

1. **Past-Due License Fees**: Unpaid license fees for calendar years 2023, 2024, and 2025 (through June 23, 2025, the date of license termination), calculated as the percentage fee based on actual

FINAL DEFAULT JUDGMENT – PAGE 4

revenues for those periods, estimated at $45,000, subject to adjustment based on accurate financial statements provided pursuant to Paragraph 25

2. **Unpaid License Renewal Fees**: $15,000 ($5,000 per year for 2023, 2024, and 2025)

3. **Unauthorized Post-Termination Use**: $10,000 for unauthorized use of the Marks during November and December 2025

4. **Adjustment Provision**: If the financial statements provided pursuant to Paragraph 25 demonstrate that the actual amounts owed exceed the amounts specified in Paragraphs 27-28, Defendant, Anthony Schlur, and Patrick Dussol shall pay the full difference within fifteen (15) days of providing such statements. If the actual amounts are less than the amounts specified, no refund or adjustment shall be made due to Defendant's and the Individual Defendants' failure to timely pay license fees, failure to provide accurate financial statements, fraudulent concealment of revenues, and intentional unauthorized use of the Marks following termination

5. **Net Present Value of Future License Fees**: The net present value of all License Fees that would have become due under the License Agreement had Defendant not defaulted, calculated through the original term of the License Agreement

6. **Fraud Damages**: Such additional actual damages as proven at trial resulting from the fraudulent conduct of Anthony Schlur and Patrick Dussol, including but not limited to damages for harm to Plaintiff's business reputation, goodwill, and trademark value

7. **Exemplary Damages**: Pursuant to Texas Civil Practice and Remedies Code § 41.003, exemplary damages in an amount to be determined by the Court based on the fraudulent conduct of Anthony Schlur and Patrick Dussol

8. **Treble Damages**: Pursuant to 15 U.S.C. § 1117, and based on the willful and intentional nature of Defendant's and the Individual Defendants' trademark infringement, all damages awarded under Paragraphs 27-29 and 32 for trademark infringement, business dilution, and unfair competition are trebled.

9. **Statutory Damages**: After an accurate accounting and after Defendant provides all financial records, Plaintiff

10. **Attorney's Fees and Costs**: All reasonable and necessary attorney's fees and costs incurred by Plaintiff in connection with this action, as provided by 15 U.S.C. § 1117, Texas Civil Practice and Remedies Code § 38.001, and the parties' License Agreement, in an amount not less than $22,434.50, or an amount to be determined by the Court upon submission of appropriate documentation.

FINAL DEFAULT JUDGMENT – PAGE 5

**Compliance Reporting**

**IT IS FURTHER ORDERED** that:

1. Within ten (10) days after entry of this Final Judgment, Defendant, Anthony Schlur, and Patrick Dussol shall each file with the Court and serve upon Plaintiff's counsel a separate written report, under oath, setting forth in detail the manner in which they have complied with each provision of this Order

2. Defendant, Anthony Schlur, and Patrick Dussol shall file supplemental compliance reports every thirty (30) days until full compliance with this Order has been achieved and verified by Plaintiff

**Post-Judgment Discovery**

**IT IS FURTHER ORDERED** that:

1. Plaintiff is entitled to conduct post-judgment discovery to identify assets of Defendant, Anthony Schlur, and Patrick Dussol available to satisfy this Judgment, and to verify compliance with the terms of this Order

All relief not specifically granted herein is denied.

SIGNED this _____ day of _____, 2026.

_____
UNITED STATES DISTRICT JUDGE

FINAL DEFAULT JUDGMENT – PAGE 6